FILED ___ LODGED ___ ENTERED ___ RECEIVED

SEP 11 2018

CLERK U.S. DISTRICT COURT
AT SEATTLE
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

The Honorable James L. Robart

## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARBARA TOMASZEWSKI,<br><br>Defendant. | NO. CR18-213JLR<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Siddharth Velamoor, Assistant United States Attorney for said District, BARBARA TOMASZEWSKI and her attorney, Mohammad Ali Hamoudi, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2. **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Information.

Plea Agreement/Tomaszewski - 1
Case No. CR18-213JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    a. Conspiracy to Commit Visa Fraud, as charged in Count One, in violation of Title 18, United States Code, Section 371.

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering her guilty plea, she will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense**. The elements of the offense to which Defendant is pleading guilty are as follows:

    a. The elements of Conspiracy to Commit Visa Fraud, as charged in Count One, in violation of Title 18, United States Code, Section 371, are as follows:

        i. First, there was an agreement between two or more persons to commit the crime of Visa Fraud, in violation of Title 18, United States Code, Section 1546;

        ii. Second, the defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it; and

        iii. Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

    b. The elements of the object of the conspiracy, Visa Fraud, in violation of Title 18, United States Code, Section 1546, are as follows:

        i. The defendant subscribed as true a false statement;

        ii. The defendant acted with the knowledge that the statement was untrue;

        iii. The statement was material to the activities or decisions of the United States Citizenship and Immigration Services; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities;

        iv. The statement was made under penalty of perjury;

        v. The statement was made on an application required by immigration laws or regulations.

Plea Agreement/Tomaszewski - 2
Case No. CR18-213JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which she is pleading guilty are as follows:

    a. For the offense of Conspiracy to Commit Visa Fraud, as charged in Count One: A maximum term of imprisonment of up to 5 years, a fine of up to $250,000, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of 100 dollars. If a probationary sentence is imposed, the probation period can be for up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which she will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and she violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, she knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;
    b. The right to a speedy and public trial before a jury of her peers;

Plea Agreement/Tomaszewski - 3
Case No. CR18-213JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for her;

      d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

      e.    The right to confront and cross-examine witnesses against Defendant at trial;

      f.    The right to compel or subpoena witnesses to appear on her behalf at trial;

      g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

      h.    The right to appeal a finding of guilt or any pretrial rulings.

6. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. **Statement of Facts**. The parties agree on the following facts. Defendant admits she is guilty of the charged offense or offenses: Conspiracy to Commit Visa Fraud.

Starting on a date unknown, and continuing until in or about March 2016, the defendant conspired with others known and unknown, to commit Visa Fraud. Between 2011 and 2016, the defendant worked as an outside contractor to two companies based in Bellevue, Washington, referred to herein as "COMPANY A" and "COMPANY B" (collectively, the "Companies") in connection with the preparation and submission of Petitions for Nonimmigrant Workers ("petitions") to the United States Citizenship and Immigration Services, as well as matters that were ancillary to the submission of such petitions, such as responding to inquiries from USCIS and the United States Department of State ("DOS") regarding such petitions. In each petition, the petitioning company (either COMPANY A or COMPANY B) requested that USCIS authorize a foreign national named in the petition to live and work temporarily in the United States as an

Plea Agreement/Tomaszewski - 4
Case No. CR18-213JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

employee of the petitioning company. More specifically, the petitioning company claimed that the foreign-national employee named in each petition was eligible to work temporarily in the United States under "H-1B" or "specialty-occupation" status.

At the direction of the Chief Executive Officer of both Companies, referred to herein as "CO-CONSPIRATOR 1," the Defendant put false statements and fraudulent supporting documents in over one hundred petitions, knowing that such false statements and fraudulent documents were material to USCIS's adjudication of the petitions. Specifically, the defendant included assertions in petitions that the foreign-national employees named in the petitions already had been earmarked for projects at one or two end clients (referred to herein as "CLIENT A" and "CLIENT B").

Defendant prepared petitions to be filed by COMPANY A, which falsely claimed that foreign nationals had been earmarked for CLIENT A projects. Defendant also prepared petitions to be filed by COMPANY B, which falsely claimed that foreign nationals had been earmarked for CLIENT B projects. In order to substantiate the assertions about the purported client projects, the Defendant prepared letters that purported to have been created and signed by senior executives at CLIENT A and CLIENT B, which asserted that the relevant client (i.e., CLIENT A or CLIENT B) had indeed agreed to use the foreign-national employee named in the petition on a project that had a duration of at least three years. Through these documents, Defendant intended to further substantiate the existence and duration of the purported projects for which the foreign nationals named in the petitions purportedly had been earmarked.

When preparing the petitions, the Defendant knew that the petitions' assertions about the CLIENT A and CLIENT B projects were false, and that the documents used to substantiate those assertions had been forged. Specifically, when preparing the petitions, the Defendant knew that COMPANY A's and COMPANY B's contracts with CLIENT A and CLIENT B respectively covered only a limited scope of work, for a limited duration, and for a limited budget, and that COMPANY A and COMPANY B intended only to assign a limited number of employees to those projects.

Plea Agreement/Tomaszewski - 5
Case No. CR18-213JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CO-CONSPIRATOR 1 nonetheless instructed the Defendant to refer to the CLIENT A and CLIENT B projects in petitions for foreign-national employees who would not be assigned to those projects (and about whom CLIENT A and CLIENT B had no knowledge), because it had a material effect on the petitions' chance of approval. The petitions were signed by CO-CONSPIRATOR 1 and another representative of the Companies under penalty of perjury.

The Defendant worked with CO-CONSPIRATOR 1, and other employees of COMPANY A and COMPANY B in connection with the preparation of the fraudulent petitions. The Defendant sent drafts of petition materials to CO-CONSPIRATOR 1 for his signature and personally reviewed those drafts with CO-CONSPIRATOR 1 in his presence. The Defendant also sent all of the attachments to visa petitions to CO-CONSPIRATOR 1, including the forged client letters, fraudulent and forged statements of work, and other false documents. The Defendant asked CO-CONSPIRATOR 1 and others who worked at the Companies to affix signatures to client letters, which they did prior to those letters being sent to USCIS in the petition packets. The Defendant also worked with CO-CONSPIRATOR 1 and others to prepare responses to inquiries from the U.S. government (including so-called "Notices of Intent to Deny") regarding petitions; in such responses, the Defendant, CO-CONSPIRATOR 1, and others reiterated the false information and re-submitted the fraudulent documents that they had sent the Government in the visa petitions that were the subject of the Government's inquiries.

Specific examples of overt acts that the Defendant took in furtherance of the conspiracy include:

- On or about March 19, 2014, TOMASZEWSKI sent an email to CO-CONSPIRATOR 1 attaching fraudulent petition-related documents relating to a foreign national referred to herein as "A.K." CO-CONSPIRATOR 1 compiled the documents and mailed them to USCIS, resulting in the approval of an H-1B visa for A.K.

Plea Agreement/Tomaszewski - 6
Case No. CR18-213JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- On or about March 29, 2014, TOMASZEWSKI sent CO-CONSPIRATOR 1 an email attaching fraudulent petition-related documents relating to a foreign national referred to herein as "P.J." CO-CONSPIRATOR 1 and others working at his direction at the companies' offices compiled the documents and mailed them to USCIS, resulting in the approval of an H-1B visa for P.J.

In or around the summer of 2015, the Defendant and two employees of the Companies removed documents from hardcopies of visa petitions, at CO-CONSPIRATOR 1's direction. Specifically, USCIS regulations require petitioning companies, like COMPANY A and COMPANY B, to preserve certain petition-related materials. CO-CONSPIRATOR 1 directed the Defendant to remove materials from the petitions that would assist the Government in its investigation into the false statements made in those petitions. The Defendant removed the documents from the petitions in a conference room in the companies' offices, along with two other employees. CO-CONSPIRATOR 1 regularly checked into the progress of the ~~spoliation~~ [handwritten: removal] of these documents while that process was ongoing. When removing the documents, the Defendant knew that the documents were material to the Government's investigation into the Companies for the acts of visa fraud described above.

8. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training,

Plea Agreement/Tomaszewski - 7
Case No. CR18-213JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine applicable Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw her guilty plea solely because of the sentence imposed by the Court.

9. **Acceptance of Responsibility.** At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of her intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

10. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the

Plea Agreement/Tomaszewski - 8
Case No. CR18-213JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119 (1997).

11. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the

Plea Agreement/Tomaszewski - 9
Case No. CR18-213JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

12. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty plea(s) required by this plea agreement, Defendant waives all rights to appeal from her conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

   a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

   b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of her confinement or the decisions of the Bureau of Prisons regarding the execution of her sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

13. **Voluntariness of Plea.** Defendant agrees that she has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises

Plea Agreement/Tomaszewski - 10
Case No. CR18-213JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

contained in this Plea Agreement, were made to induce Defendant to enter her plea of guilty.

14. **Statute of Limitations**. In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

15. **Completeness of Agreement**. The United States and Defendant acknowledge that, except as to certain matters set forth during the plea colloquy in open Court, these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this _____ day of September, 2018.

_____
BARBARA TOMASZEWSKI
Defendant

_____
MOHAMMAD ALI HAMOUDI
Attorney for Defendant

_____
KATHERYN FRIERSON
Assistant United States Attorney

_____
SIDDHARTH VELAMOOR
Assistant United States Attorney

Plea Agreement/Tomaszewski - 11
Case No. CR18-213JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970